UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Terrance Myhre and Victoria Myhre,

           Plaintiffs,

v.

Federal National Mortgage Association a/k/a
Fannie Mae; Federal Modification Group;
One West Bank; Unknown Defendents X, Y, Z,

           Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-3738 ADM/FLN

_____

Brian P. Lundgren, Esq., and Richard A. Saliterman, Esq., Saliterman & Siefferman, PC, Minneapolis, MN, on behalf of Plaintiffs.

Robert Q. Williams, Esq., David R. Mortensen, Esq., and Eric D. Cook, Esq., Wilford & Geske, PA, Woodbury, MN, on behalf of Defendants Federal National Mortgage Association and One West Bank.

_____

## I. INTRODUCTION

On December 3, 2010, the undersigned United States District Judge heard oral argument on Defendants Federal National Mortgage Association ("Fannie Mae") and One West Bank's ("OneWest") Motion to Dismiss [Docket No. 4]. Plaintiffs Terrance Myhre and Victoria Myhre (the "Myhres") oppose the motion. For the reasons set forth below, the Motion to Dismiss is granted.[1]

## II. BACKGROUND[2]

In 2007, the Myhres acquired a mortgage loan for their property, located in Anoka

---

[1] The Defendants' Motion to Dismiss was granted as to Fannie Mae at oral argument for the reasons stated on the record and no further discussion is warranted.

[2] In considering Defendants' Motion to Dismiss, the Court takes the facts alleged in Plaintiffs' Complaint to be true. See Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994).

County, Minnesota.  Compl. ¶¶ 6-7.  Through assignment, the mortgage came to be held by OneWest.  Compl. ¶ 7.  The Myhres allege that beginning in 2009 they were told by Defendant Federal Modification Group ("FMG") that they should cease making mortgage payments.  Compl. ¶ 8.  FMG told the Myhres that it was working with OneWest on a modification of the mortgage agreement.  Compl. ¶¶ 8-10.

The Myhres' mortgage then went into default, and OneWest (i) foreclosed on the property by sheriff's sale, (ii) bought the property at the foreclosure sale, and (iii) was issued a sheriff's certificate of sale for the property.  See Williams Aff. Ex. C [Docket No. 8].  The foreclosure sale occurred on November 30, 2009.  Id.  OneWest then assigned its sheriff's certificate to Fannie Mae.  Williams Aff. Ex. D.

On December 20, 2009, the Myhres received a notice of cancellation of their homeowner's insurance.  Compl. ¶ 12.  The Myhres then called OneWest to determine why the policy was cancelled.  Compl. ¶ 13.  The Myhres allege that OneWest told them "we are working with Federal Modification Group and you have nothing to worry about."  E.g., Compl. ¶ 23(c).  This is the only statement that the Myhres allege was made by OneWest.  See generally Compl.  They do allege, however, that FMG and OneWest "conspired to force the foreclosure sale . . . ."  Compl. ¶ 11.

The Myhres filed the instant action in Minnesota state court in July 2010.  Fannie Mae and OneWest removed the case to federal court on August 24, 2010 and filed the present motion shortly afterward.  FMG has not filed an answer.

## III. DISCUSSION

### A. Standards of Review

In considering a motion to dismiss under Rules 12(b)(1) and 12(b)(6), courts must construe the pleadings in the light most favorable to the nonmoving party and view the facts alleged in the complaint as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party. Ossman, 825 F. Supp. at 880. "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

Ordinarily, if a district court relies on "matters outside the pleadings" in considering a motion to dismiss, the motion to dismiss is converted to one for summary judgment. BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 687-88 (8th Cir. 2003). However, the Court may consider public records and matters that are "necessarily embraced by the pleadings." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999).

An essential fact to this entire case is the date of the foreclosure sale. As conceded by the Myhres' counsel at oral argument, that sale occurred on November 30, 2009, not June 1, 2010 as alleged in the Complaint. The sale date is a matter of public record and is not disputed by the

parties. The Court accepts November 30, 2009 as the true date of the sale, but will construe the other allegations in the Complaint as true for the purpose of this motion.

**B.     Count One–Declaratory Judgment**

The Myhres seek judgment under Minn. Stat. § 555.01 declaring the foreclosure sale void. Section 555.01 requires an "actual controversy." The Myhres argue that an "actual controversy" exists but do not state what the basis of that controversy is. Indeed, no allegations have been made that would form the basis for declaring the foreclosure sale void.

The sole allegation of conduct by OneWest prior to the foreclosure sale is that "OneWest conspired with Federal Modification Group to force the foreclosure sale." This statement is merely a legal conclusion that a conspiracy existed. The Court is not bound to accept legal conclusions as true. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); Bahr v. Capella Univ., 788 N.W.2d 76, 79 (Minn. 2010) ("[A] legal conclusion in the complaint is not binding on [the Court].") (citation omitted). The Myhres do not make any arguments or allegations concerning when or how this conspiracy transpired. Furthermore, the Myhres have not pled or argued that the alleged conspiracy is a basis for voiding the foreclosure sale. As such, no basis exists for this claim for declaratory judgment and it is dismissed.

**C.     Count Two–Minn. Stat. § 58.13**

The Myhres also seek to recover under the Minnesota Originator and Service Licensing statutes. Minn. Stat. Ch. 58. Minnesota law prohibits the making of any false, deceptive, or misleading statements or representations in connection with a "residential loan transaction." Minn. Stat. § 58.13(9). Here, no residential loan transaction occurred between the parties.

4

OneWest did not modify or rescind the mortgage. OneWest merely foreclosed on the property. Foreclosure is not in the purview of Minn. Stat. § 58.13, and this claim is dismissed.

**D.     Count Three–Minnesota Statutes § 325F.69**

The Myhres also assert a claim under Minn. Stat. § 325F.69. Only the Minnesota Attorney General or a county attorney may institute a civil action based on § 325F.69. Minn. Stat. § 325F.70. To cure this infirmity, the Myhres attempt to invoke Minnesota's private attorney general statute, Minn. Stat. § 8.31. A party may invoke that statute, however, only when the action benefits the public. Ly v. Nystrom, 615 N.W.2d 302, 314 (Minn. 2000). Here, the public benefit is not served, as the alleged misrepresentations were made only to the Myhres. The Myhres invoke the recent mortgage crisis to argue that preventing mortgage fraud benefits the public. No particularized showing has been made that this case relates to that crisis. As such, there is no public benefit in allowing the Myhres to pursue this claim, and it is dismissed.

**E.     Count Four–Federal Truth in Lending Act**

The Myhres assert a claim against OneWest under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq. TILA requires lenders to make certain disclosures to debtors. 15 U.S.C. §§ 1637A, 1639. In the context of property mortgages, TILA's disclosure provisions apply when a mortgage is originated or modified. See 15 U.S.C. § 1639(2). No genuine issue of fact exists as to whether OneWest had any duty to disclose under TILA. It did not. No allegations have been made that OneWest originated or modified the Myhres' mortgage. The record shows only that OneWest foreclosed on that property when it was in default. Thus, this claim is also dismissed.

### F. Count Five–Fraud

The Myhres assert a claim for common law fraud. The elements of fraud are:

> (1) [T]here was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer[ed] pecuniary damage as a result of the reliance.

Hoyt Props., Inc. v. Prod. Res. Group, L.L.C., 736 N.W.2d 313, 318 (Minn. 2007). Here, the fourth element of causation is lacking. The only statement allegedly made by OneWest did not occur until December 20, 2009, *after* the foreclosure sale and resulting damage to the Myhres. Therefore, as a matter of law, no viable fraud claim exists.

### G. Count Six–Negligence

The Myhres also assert a claim for negligence. The elements of a negligence claim are: "(1) the existence of a duty of care, (2) a breach of that duty, (3) an injury, and (4) the breach of that duty being the proximate cause of the injury." Louis v. Louis, 636 N.W.2d 314, 318 (Minn. 2001). The Myhres claim that OneWest owed them a duty of candor that was breached by the making of false statements on December 20, 2009. These statements were made after the foreclosure sale, which is the source of the alleged injury in this case. Therefore, causation is lacking and this claim fails as a matter of law.

### H. Count Seven–Negligent Misrepresentation

Like negligence, negligent misrepresentation requires causation. Flynn v. Am. Home Prods. Corp., 627 N.W.2d 342, 352 (Minn. Ct. App. 2001). Again, the only alleged misrepresentation by OneWest occurred after the Myhres suffered damages. This claim is dismissed.

**I.     Count Eight–Unjust Enrichment**

To prevail on an unjust enrichment claim, the Myhres must show that OneWest "knowingly received something of value, not being entitled to the benefit, and under circumstances that would make it unjust to permit its retention." Southtown Plumbing, Inc. v. Har-Ned Lumber Co., 493 N.W.2d 137, 140 (Minn. Ct. App. 1992). The Myhres did not confer a benefit to OneWest. OneWest merely foreclosed on their property once it was in default. Even if going into default were somehow a benefit conferred by the Myhres to OneWest, it is not unjust to allow OneWest to retain that benefit–it is one to which OneWest was entitled. The Myhres final claim fails as a matter of law.

## IV. CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendants' Motion to Dismiss [Docket No. 4] is **GRANTED**;

2. All claims alleged in the Complaint as to OneWest and Fannie Mae are **DISMISSED WITH PREJUDICE**; and

3. The record does not reflect that FMG has been served in this matter. If the Plaintiffs wish to pursue their claims against FMG and Unknown Defendents [sic] X, Y, Z, Plaintiffs must notify the Court within thirty days of the date of this Order.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: December 27, 2010.